Dear Mr. Moore:
This letter is in response to your request for an opinion of this office asking:
 Does Section 205.042, RSMo, require the Trustees of the County Board of Health Center to take possession of monies now in possession of the former board or nurses and place the monies in the hands of the County Treasurer to be paid out by the new Board of Trustees?
You also state:
 Clark County Voters, at an election in April, 1980, voted a 10¢ per hundred levy for a Health Center. The County Court appointed five trustees who have qualified and are acting as such. However, there was in existence a County Health Center which was operating with funds duly appropriated and the nurses have sufficient money to operate the Center until the tax monies are collected this fall.
 Should these monies be taken in possession by the new Board or should they let those monies be paid out by the nurses?
It is our understanding that there is no such thing as a county board of nurses as such, and there has not been a county health center as such until the election of April, 1980, at which time the health center was authorized, the levy voted, and the trustees thereafter appointed. The county board of nurses to which you refer is apparently the county nursing service which consists of nurses appointed or employed by the county court to perform the county nursing services. We understand that the money of which you speak is federal money, and in addition to the federal money the nursing service receives some state money and also a yearly $5,000 appropriation from the county court. It is also our understanding that the county court has determined and apparently the new county health center will not be operational to the extent of taking over the services performed with respect to the federal funding until the end of the year, and that until that time the nursing services will operate separately from the county health center, but after such date the nursing services will apparently be placed under the jurisdiction of the county health center board of trustees.
We think that the important thing under these circumstances is whether or not the services which are required to be performed under the federal law with respect to the federal funds are in fact being performed by the county nursing service. It is not readily apparent to us from the information that we have why the county health center board of trustees could not assume the entire service before the end of the year; however, since apparently neither the county court nor the board of trustees intends for such services to be taken over entirely by the county health center until January of 1981, it appears appropriate for the county nursing service to perform such services consistent with the federal requirements until the board of trustees are willing and able to take over such functions.
Very truly yours,
 JOHN ASHCROFT Attorney General